RESPONSE.

Chief Justice Robertson

delivered the Response of tTit court to the plaintiff ’s petition for a re-hearing.
On a full reconsideration of this case, the court, (Judge Underwood dissenting,) adheres to the opinion heretofore delivered.
The authorities cited in the petition, are not, in. onr opinion, applicable to this case; nor at all decisive of the principle which must govern it. We cannot think that any of the statutes against gaming, can be made available to the plaintiff in error.— These statutes have hitherto been, and should ever be construed strictly; such was the judicial interpretations of the Statutes of Charles II. and of Anne, in England — See II Burrow, 1027 — II Wils. 309 — Ib. 36 — Cowper, 281. And the statutes of Virginia and of this state have never been constructively extended beyond their direct and obvious import.— The simple act of gaming or of betting, without fraud or deceit, is not, and never was unlawful.— As to promises on consideration of money or other thing won, the statutes apply only to promises 11 to any person or for his use,” in consideration of money or property, “by him won, or whereof money or other tiling so won, lent, or advanced, shall be a part or alt of the consideration money.” Chiles vs. Coleman, II Mars’I. 300. The assignment by the plaintiff to Suiedly could not have been enforced as between themselves — nor could any action have been *29 maintained by Smedley against the plaintiff on any new contract made in consideration of that assumpsit — as long as the promise remained unsatisfied by payment., the-promisor could not be bound by it. But, if in consideration of a debt due from Smedley to a stranger, the plaintiff had undertaken to pay the latter the amount which had been assumed to Smedley, he could not have exonerated himself by impeaching the original consideration, unless the- stranger had been, in some way, privy to the gamin^bprior to the undertaking to him. So too there can be no doubt that if, at the plaintiff’s request, the defendant had paid to Smedley in money, the amount won by him from the plaintiff, the defendant could recover it from the plaintiff in an action of assumpsit; for though there was no binding consideration between the plaintiff and Smedley, the payment of the money by the defendant at the plaintiff’s request would have been, as between them, a legal and valuable consideration. (II Wils. S09.) And for a like reason, if A owe B, and C, at the request of A discharge the debt or exonerate him from it, the consideration between C and B is immaterial — it is not even essential that there should have been any valuable or legal consideration as between them — and therefore C might recover the full amount of the debt from A even if the debt from A to B had been extinguished by a donation of it by B to C after the latter had assumed to pay it for A. In such a case the extinguishment of tiie debt by C at the request of A would be, as between them, a sufficient consideration to bind A to C for the whole amount of the debt so extinguished: Chitty on contracts, 184.
But the counsel for the plaintiff insists that, as his client had incurred no legal obligation to Smedly, he is not legally liable to the defendant in consequence of his extinguishment of Smedley’s demand, so far as that extinguishment resulted from a gaming consideration between the defendant and Smedly. This would be true if the promise by Smedly to the defendant could be decided to be of no actual value. But we cannot judicially decide that Smedley’s assumpsit to the defendant was of no value in fact. If Smediy was ¿solvent and determined to pay the *30 defendant, notwithstanding his legal right to have sheltered himself under the gaming law, his assumpsit to the defendant might, have been equal in value to the amount assumed. „■
Response.
It is enough for the plaintiff that he may plead law against gaming for himself. He cannot plead it for another — nor prevent Smedly from paying — nor divest the defendant of the amount after Smedly had paidj.it.
Although Smedly was under no legal obligation to pay the defendant, yet he may have felt constrained by an honorary obligation even more inviolable (in the opinions of some men) than any mere legal sanction. And if he was willing and able to pay, and would have felt himself degraded by refusing to pay; surely it cannot be said that the defendant has sustained no loss in consequence of his having exonerated the plaintiff at his instance and request. He has given up a claim, which to him , may have been valuable and available — and shall the plaintiff now be allowed to withhold indemnity by shewing that Smedly might, if he had been so disposed, have evaded payment to the defendant by relying on a gaming consideration ?
Such a doctrine would, in our opinion, be not only an unwarrantable extension, but an unjust and impolitic perversion of the statutes against gaming. It would produce extensive consequences, the end and operation of which can scarcely be imagined, and which might be embarrassing, mischievous and even demoralising.
Suppose that the plaintiff had bought the defendant’s claim on Smedly, and had given his bond for-the amount promised for it, (knowing the original consideration,) could he have avoided the obligation of his bond by shewing that the defendant had won from Smedly the amount of the claim so sold? We think not.
The claim was deemed to he of some value — the parties fixed its value by their own estimate; and the plaintiff could not have evaded his bond given in consideration of the transference to him of the chance of collecting the amount of the claim. If *31 he had collected the amount, then surely he could not have avoided his bond. But the receipt of the amount after the execution of the bond, could not retroaot so as to form a consideration for the bond, if there was no consideration at the date or delivery. Therefore, it would seem that the collection of the amount of the claim would not be material to the question of consideration — and whether the money had ever been collected or not, there would have been, as between the parties to the bond, a sufficient consideration.
Responso.
Suppose, when usurious contracts were void, Á, Avbo held a bond on B for $1000 in consideration of that sun», loaned at an interest of 7 per cent, had sold the bond to C for the note of C to him for $1000 — (C having notice of the usury,) — could C avoid the note by shewing that the contract between A and B was usurious? It seems to us that he could not» If C had promised to pay B $1000 in consideration of so much money won, and A at the request of C, had paid B the $1000 for C by surrendering to B his bond for $1000, given in consideration of the loan, could C avoid the payment of the $1000 to A by shewing that the contract between A and B was usurious? It seems to us that he could not. B might not have ever pleaded the usury — his bond might, therefore, and doubtless would have been deemed valuable to A and the latter should not be juggled out of that value by C in consequence of kindness manifested towards him, and benefit conferred on him at his request. The analogy between a contract void for usury and an agreement void for gaming is perfect. Consequently, we come to the conclusion, that it is not material to the plaintiff nor to the legal merits of this case whether Smedly could or could not have resisted the payment of the sum which he had.assumed to pay to the defendant. He chose to pay it— and, as is suggested in the former opinion, the defendant’s right to recover the whole amount in this suit, is as perfect and as legal as it would have been if Smedly had paid the defendant with one hand and then received the amount with the other hand in consequence of the defendant’s assumpsit to the *32 plaintiff. If the defendant and Smeclley had merely exchanged their claims, the one for the other, without extinguishing Smedly’s claim on the plaintiff, the latter might have successfully relied on the original consideration in a suit on his promise to Smeclly.-— But he is not sued on that promise but on that to the plaintiff. Wherefore the former opinion must remain unaltered.